Green, J.,
delivered the opinion of the court.
The only question for our consideration in this case is, whether the negroes in controversy survived to Mrs. Robinson, the defendant Taylor’s intestate, or did the title to them become vested in Robinson, McLain’s intestate, by virtue of his marital right ?
The facts are shortly as follows ;
Jesse Hudson made his will, and died in the beginning of the year 1804. In his will is the following devise;
“ I further give to my beloved wife, Jenny, all my lands, *426 tenements, negroes, goods, debts, and property of every description whatever, to be by her freely enjoyed during her natural life; and one-half of said estate forever, free from trouble or molestation from any person whatsoever.”
“Item. My will is, that the half of my estate, which I have not given my wife to dispose of at her death, shall, at that time, go to my nephew, Jesse Hudson, son of my brother Reuben, except one hundred dollars, which I give to Jesse Hudson, who is bound to me.”
The testator appointed his wife Jenny, his sole executrix. She remained in possession of the estate, and in the year 1809 intermarried with William P. Robinson. Robinson came into possession of the estate on his marriage, and sold some of the negroes, and with the proceeds bought others, of whom he retained possession until his death, which happened in 1815. Mrs. Robinson remained in possession of the negroes until her death in 1847.
The defendant Taylor has administered on Mrs. Robinson’s estate, and the defendant McLain is administrator, de bonis non, of Robinson’s estate.
The complainants are assignees of Jesse Hudson’s share in remainder of this estate.
No division was ever made of the estate, setting apart to Jesse Hudson the share to which he was entitled in remainder, and designating the share to which Mrs. Robinson was entitled absolutely.
Upon this statement of facts there is no contest, but that the negroes purchased by Robinson with the proceeds of those he had sold, became part of Hudson’s estate. And the only question we are called on to decide, is, whether Mr. Robinson reduced into his possession his Avife’s share of the negroes, so as to cut off her right of survivorship.
It is insisted by Robinson’s administrator that, as Mrs. Robinson. was the legatee of the whole of Hudson’s estate for life, *427 and she continued in possession of the property, she must be presumed to have assented to the legacy to herself; and that an assent to the life-estate was also an assent to the remainder, and that she had, during Robinson’s life-time, possession of these slaves as owner, and not as executrix; and, therefore, that Robinson acquired by his marriage all the title his wife had in the property.
We think that after the lapse of five years, (from 1804, when Hudson died, to 1809, when she married Robinson,) the assent of the executrix to the legacies ought to be presumed ; and, therefore, that Robinson acquired by the marriage an estate for the life of his wife in the whole of these negroes. But it does not follow that he acquired more than a life-estate. By the will of Hudson, the entire estate was given to his wife for life, and of course, as she was in possession of the property, nothing was acquired but the assent of the executrix to the legacy to constitute her holding a possession as owner. But this ownership only extended to the life-estate ; for, as to the remainder, she was entitled to one-half only, and Jesse Hudson to the other; and between them there had been no division. She could designate no one negro and call him her own; for to each one Jesse Hudson was entitled equally with herself. So far, therefore, as the title in remainder to one-half of the estate is concerned, the case rests upon precisely the same principles as if the entire estate had been given by the will to several, and had remained undivided.
If this be so, (and we cannot perceive the distinction in principle,) the case of Ross vs. Wharton, 10 Yerg. R., 190, is a direct authority. That was the case of a widow who was ad-ministratrix, having two children. - The mother and children were entitled to distributive shares. The mother married a second husband, who afterwards died; no division having taken place. It was held by this court, that the wife was entitled to the property by survivorship. The case of Elms vs. *428 Hughes, 3 Des. R., 155, is similar in all its circumstances. In that case, the chancellor said, “As a writ of partition was necessary to divide the personal estate to enable Mr. Elms to hold his wife’s share as husband, and as whenever a suit is necessary to establish or give effect to a right, it is a right of action ; and as Mr. Elms died before his wife, the right and the possession was not so vested in Mr. Elms, as husband, as to establish his property in the personal estate, but the same survived to his widow.”
In the case before us no division was had, and the executrix could not, by her own authority, have made any. Mr. Robinson would have been compelled to file a bill in equity against Jesse Hudson, the remainder man, as to one-half the negroes, in order to have set apart to him those negroes to which his wife was entitled absolutely, and to Hudson, those to which he should be entitled in remainder. And where a suit is necessary to separate a wife’s legacy or distributive share, and the husband dies before such separation is made, her interest survives to her.
We think, therefore, the decree of the chancellor is correct, and order that it be affirmed.